I fully concur in the majority's analysis and disposition of appellant's first, second, fourth and fifth assignments of error.
I fully concur in the majority's analysis and disposition of subsections C, D, E, F, G, H, I, J, K and L of appellant's third assignment of error. I further concur in the majority's disposition of subsection B of appellant's third assignment of error. I write separately as to subsection B only because I believe the test for prejudice to be applied when analyzing an ineffective assistance of counsel claim is different, and less difficult to establish, than the test for prejudice to be applied when analyzing a plain error claim. However, even applying the less stringent standard for prejudice set forth in Strickland, I do not find there exists a reasonable probability the outcome of the trial would have been different if an objection had been raised and the inadmissible hearsay evidence had been excluded.
I respectfully dissent as to the majority's analysis and disposition of subsections A and M of appellant's third assignment of error. I do not believe the appropriate test to be applied is harmless error under Crim. R. 52(A). Had an objection been raised and had the trial court overruled the error, then the appropriate test to be applied would be harmless error. However, in an ineffective assistance of counsel claim where it is determined counsel was deficient for not objecting, the test to demonstrate prejudice; and therefore, ineffectiveness, is more stringent because we do not know how the trial court would have ruled on the objection Applying the second prong of the Strickland test to the casesub judice, I do not believe there exists a reasonable probability the outcome of the trial would have been different had appellant's Doyle
right not been violated.
I would affirm appellant's conviction, but reverse and remand for re-sentencing in accordance with the disposition of appellant's fourth assignment of error.